**AKERMAN SENTERFITT LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN SENTERFITT LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
MICHAEL B. WALL (SBN 252588)
Email: michael.wall@akerman.com
1400 Wewatta Street, Suite 500
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendants
COUNTRYWIDE BANK FSB (now known as Bank of America, N.A.), and THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-17T1, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-17T1 (erroneously named as "CWALT Alternative Loan Trust 2006-17T1 Countrywide Home Loans, a.k.a. Bank of America")

**AKERMAN SENTERFITT LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOSE A. ALEXANDER JR., and VELDA P. ALEXANDER

Plaintiffs,

v.

COUNTRYWIDE BANK FSB, a federal savings bank, CWALT Alternative Loan Trust 2006-17T1 Countrywide Home Loans, a.k.a. Bank of America, a business entity form unknown, and DOES 1 through 40, inclusive,

Defendants.

Case No. 3:12-cv-00417-BTM-MDD
(Assigned to Hon. Barry Ted Moskowitz)

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

[F.R.C.P. 12(b)(6)]

Date: May 25, 2012
Time: 11:00 a.m.
Ctrm: 15 – 5th Floor

FAC Filed: March 21, 2012
Trial Date: None

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

Defendants Countrywide Bank FSB (now known as Bank of America, N.A.) (**BANA**) and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-17T1, Mortgage Pass-Through Certificates, Series 2006-17T1 (erroneously named herein as "CWALT Alternative Loan Trust 2006-17T1 Countrywide Home Loans, a.k.a. Bank of America") (**BNYM**) (collectively **defendants**) hereby respectfully submit their reply in support of their motion to dismiss plaintiffs' first amended complaint (**FAC**).

## I. INTRODUCTION

Plaintiffs Jose and Velda Alexander (**plaintiffs**) challenge the pending sale of the property at issue, despite their admitted default under the loan agreement and failure to bring the loan current. Plaintiffs, however, cannot maintain any claims against defendants and their opposition to defendants' motion to dismiss plaintiffs' FAC (**Opposition**) adds nothing to their deficient claims.

First, each of plaintiffs' claims is barred by the applicable statute of limitations. All of plaintiffs' allegations concern the origination of their loan which took place in March 2006, nearly six years before plaintiffs filed this action! Despite their request, plaintiffs are not entitled to equitable tolling because their allegations concern the very terms of the loan documents provided to plaintiffs in March 2006 and plaintiffs do not provide the Court with a single reason why they could not have discovered the alleged fraud at closing. In addition, the three year statute of repose is an absolute bar to rescission under the Truth in Lending Act (**TILA**) and is not subject to equitable tolling under any circumstances.

Moreover, plaintiffs cannot challenge the completed sale without first tendering the amount due under the loan, pursuant to California's tender rule. In their Opposition, plaintiffs only address tender under TILA, which is inapplicable because plaintiffs' TILA claims are barred by the statute of limitations.

Plaintiffs also do not address an important issue raised in defendants' motion to dismiss. Plaintiffs allege both loans at issue were originated by BANA, but that is

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

clearly not the case, as demonstrated by the deeds of trust. The first loan was originated by Countrywide Home Loans, Inc., an entity that is not even a party to this action. As such, all of plaintiffs' allegations of wrongdoing pertaining to that loan are inapplicable to defendants.

Defendants respectfully request the Court grant their motion to dismiss plaintiffs' FAC without leave to amend.

## II. ARGUMENT

### A. Each of Plaintiffs' Claims Is Barred by the Statute of Limitations

Each of plaintiffs' claims is based on alleged fraud or TILA violations during the origination of the loan in March 2006. As such, each of plaintiffs' claims is barred by the applicable statute of limitations. Fraud carries a three year statute of limitations under *Code of Civ. Proc.* § 338(d) and, as will be discussed in more detail *infra*, plaintiffs' claims under TILA are barred by the absolute three year statute of repose.

As discussed at length in defendants' motion to dismiss, plaintiffs can show no set of facts to justify equitable tolling of the three year statute of limitations. Where it is apparent from the face of the complaint that plaintiff's claim is time-barred absent equitable tolling for discovery, plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Espinoza v. Recontrust Co.*, No. 09-CV-1687-IEG (RBB), 2010 WL 1568551, at *6 (S.D. Cal. April 19, 2010), citing *Fox v. Ethicon Endo Surgery*, 35 Cal.4th 797, 808 (2005). With regard to any such delay, "the court places the burden on the plaintiff to 'show diligence.'" *Id.* Courts have routinely refused to toll the statute of limitations for fraud claims after plaintiffs have received a mortgage statement for an unexpected amount. *See, e.g., Rosenfeld v. JP Morgan Chase Bank,* 732 F.Supp.2d 952, 971 (N.D. Cal. 2010) (refusing to toll state of limitations for fraud claim based on alleged false statement by mortgage broker "that the payment would not increase" and noting that "Plaintiff presumably received mortgage statements in connection with the loan and even admits that his loan adjusted annually."). Plaintiff

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

cannot invoke the discovery rule to toll the statute of limitations during a period when the information he claimed not to know was in his note and deed of trust. *See Hague v. Wells Fargo Bank*, Slip Copy, 2012 WL 1029668, at *5 (N.D. Cal. Mar. 26, 2012) (granting motion to dismiss borrower's fraud claim against lender as untimely under section 338(d) and refusing to apply the discovery rule because "[w]here there existed, from the time the loan was made, papers which disclosed the terms of the loan, it would seem that reasonable diligence would have enabled Plaintiff to discover the problem.").

Plaintiffs do not sufficiently address this issue in their Opposition, merely stating that they did not discover the alleged fraudulent misrepresentations until December 2011. (Opposition, p. 5.) Plaintiffs cannot reasonably claim their apparent failure to review the loan documents was justified. "[I]t is generally unreasonable…to neglect to read a written agreement before signing." *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal.4th 394, 424 (1996) (dismissing with prejudice a claim for intentional misrepresentation where plaintiffs alleged their claim was tolled because they did not discover the alleged fraudulent statements in loan documents until well after they signed the documents).

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

For these reasons, each of plaintiffs' claims is barred by the statute of limitations.

**B. Plaintiffs' Inability to Tender Bars Their Claims**

As discussed at length in defendants' motion to dismiss, if a defaulting borrower requests relief in equity, *i.e.*, setting aside or challenging a foreclosure proceeding, the borrower must first do equity himself by paying the entire loan amount prior to the sale. *See Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984); 4 Miller & Starr, *California Real Estate* § 9:154 at 507-08 (2d ed. 1989).

Here, plaintiffs assert they have satisfied their obligation to tender because they have alleged they were willing and able to tender the principal amount due pursuant to 15 U.S.C. § 1635(b), not including certain charges or interest. (Opposition, p. 3.) Section 1635(b), however, is inapplicable as it only applies to tender following

rescission under TILA. As will be discussed in detail below, plaintiffs' rescission claim under TILA is barred by an absolute three year statute of repose and so plaintiffs' tender obligation has nothing to do with section 1635(b).

Plaintiffs have not satisfied their obligation to make an unambiguous tender of the entire amount due under their loan obligation and so they are barred from challenging the sale.

**C. Plaintiffs' Individual Claims Fail**

**1. Plaintiffs' Fraud Claims Fail**

Plaintiffs' first and seventh causes of action are for intentional misrepresentation and fraud. Therein, plaintiffs allege defendants made certain misrepresentations to plaintiffs concerning the terms of the loan and concealed material facts from plaintiffs concerning plaintiffs' ability to repay the loan in order to induce plaintiffs to enter into the loan agreement. (FAC, ¶¶ 27-29, 69-70.) As discussed above, these claims are long barred by the statute of limitations and are not subject to equitable tolling. These claims also fail to the extent they are based on alleged wrongdoing by the originator of the first loan on the property, as that entity is not even a party to this action.

Plaintiffs' fraud claims are also not pled with the requisite specificity under Federal Rule of Civil Procedure 9(b). Allegations of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). Furthermore, when bringing an action for fraud against a corporation, a plaintiff must also specifically allege the names of the persons who made fraudulent statements, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *See Tarmann v. State Farm Mutual Automobile Ins. Co.*, 2 Cal.App.4th 153, 157 (1991). The policy of liberal construction of the pleadings will not be invoked to sustain a pleading alleging fraud. *G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22, 29 (1975); *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996).

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Plaintiffs assert they have satisfied their pleading requirements by alleging the fraudulent representations were made by the lender at origination but, as discussed above, plaintiffs have not even named the correct lender. Nor do plaintiffs allege who they spoke with or what authority that person had to speak for defendants. Plaintiffs' allegations are inadequate and fail.

**2. Plaintiffs' Breach of Covenant Claim Fails**

Plaintiffs allege defendants breached the covenant of good faith and fair dealing by failing to disclose material information during the loan application process and improper disclosure of the amount financed. (FAC, ¶ 38.) Plaintiffs, however, cannot plead the elements of this claim. First, they cannot allege they did all of the things the contract required because they do not deny they defaulted under the terms of the loans. Plaintiffs do not address this issue, thereby conceding the same. Second, plaintiffs cannot allege defendants did anything to interfere with their rights under the contracts because plaintiffs received all money they were entitled to under the loan agreements. Plaintiffs assert defendants impeded their rights to receive the benefits of the loan by understating the amount financed, but the amount financed was part of the contract they agreed to and so it could not have affected their rights to the benefits of the loan.

Plaintiffs' claim is also barred by the statute of limitations. The statute of limitations for a claim for breach of the covenant of good faith and fair dealing is four years. Cal. *Code of Civ. Proc.* § 337. Here, plaintiffs bring allegations concerning the origination of the loan in March 2006, which took place almost six years before plaintiffs filed this action. Plaintiffs again assert the statute should be tolled because they did not discover the facts constituting this claim until recently, but their argument fails for the reasons discussed in Section IV.A, *supra*. Plaintiffs have not provided a single reason why they could not discover the terms of the loan at closing.

**3. Plaintiffs' TILA Claim Fails**

Plaintiffs allege defendants violated provisions of TILA and the Home Ownership and Equity Protection Act (**HOEPA**) by lending without regard to

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

repayment ability and by failing to deliver all material disclosures required by TILA. (FAC, ¶¶ 55-59.) Plaintiffs request statutory damages and rescission based on the alleged violations.

Plaintiffs' claims for both damages and rescission are time-barred. A TILA action to recover damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The pertinent date of occurrence is the closing date. *See King v. California,* 784 F.2d 910, 915 (9th Cir. 1986). As for rescission, under 15 U.S.C. § 1635(f), a plaintiff's extended rescission right under TILA expires after three years or when the property is sold, whichever occurs first. Rescission is therefore no longer available to plaintiffs under TILA because of the statute of repose. Section 1635(f) "is a statute of repose that represents an absolute three-year bar on rescission actions." *McOmie-Gray v. Bank of America Home Loans*, 10-16487 (9th Cir. 2-8-2012).

Plaintiffs argue that the statute of limitations should not bar their claims because "recoupment is a defense that is never barred by the statute of limitations so long as the foreclosure itself is taking place." (Opposition, p. 12.) Plaintiffs' argument is nonsensical. This is not an action to collect the debt and so plaintiffs have no right of recoupment. In addition, the Court in *Dalm* (the main case cited by plaintiffs in support of their recoupment argument) actually declined to apply recoupment principles and distinguishes the *Bull* case. Moreover, the *Dawe* case cited by plaintiffs is no longer good law – *see Beach v. Ocwen Federal Bank*, 523 U.S. 410, 415 (1998) – and plaintiffs do not even attempt to address the *McOmie-Gray* case from the 9th Circuit cited in defendants' moving papers.

Plaintiffs' TILA claims are clearly barred by the applicable statute of limitations and statute of repose.

**4. Plaintiffs' Declaratory Relief and Quiet Title Claims Fail**

Plaintiffs' declaratory relief and quiet title claims are entirely based on their claims for fraud and violation of TILA. As those claims fail for the reasons discussed above, plaintiffs are not entitled to declaratory relief or an order quieting title in their

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

name. In addition, plaintiffs' quiet title claim fails based on their inability to tender the amount due, as discussed in Section IV.B, *supra*.

**5. Plaintiffs' UCL Claim Fails**

Plaintiffs' UCL claim is also based on their deficient fraud and TILA claims and fails for the reasons discussed above. In addition, plaintiffs do not plead their claim with the requisite particularity, it is barred by the statute of limitations and BNYM cannot be held vicariously liable for the alleged wrongdoing of others. Plaintiffs do not address these issues in their Opposition, thereby conceding the same.

**6. Plaintiffs Are Not Entitled to an Accounting**

In plaintiffs' final cause of action they request an accounting. (FAC, ¶ 79.) Plaintiffs are not entitled to an accounting because their underlying allegations all fail and because they cannot plead a fiduciary relationship with defendants.

In their Opposition, plaintiffs merely restate their allegations under TILA. As plaintiffs cannot maintain a TILA claim, they are not entitled to an accounting.

**III. Defendants' Motion to Expunge Should Be Granted**

Plaintiffs' opposition to defendants' motion to expunge plaintiffs' lis pendens is based on all of the same arguments discussed above. As plaintiffs cannot maintain any real property claims against defendants, plaintiffs' lis pendens should be ordered expunged from the public record.

## IV. CONCLUSION

All of plaintiffs' claims fail because each is barred by the applicable statute of limitations as the alleged conduct at issue took place nearly six years before plaintiffs filed this action. In addition, plaintiffs' claims are poorly pled and plaintiffs' inability to tender bars their claims.

Defendants respectfully request the Court grant their motion to dismiss plaintiffs' FAC without leave to amend.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Dated: May 17, 2012

**AKERMAN SENTERFITT LLP**

By: */s/Michael B. Wall*

Michael B. Wall
Attorneys for Defendants COUNTRYWIDE BANK FSB (now known as BANK OF AMERICA, N.A.) and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-17T1, Mortgage Pass-Through Certificates, Series 2006-17T1 (erroneously named herein as "CWALT Alternative Loan Trust 2006-17T1 Countrywide Home Loans, a.k.a. Bank of America")

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PROOF OF SERVICE

I am employed in the City and County of Denver, State of Colorado. I am over the age of 18 and not a party to the within action. My business address is 1400 Wewatta Street, Suite 500, Denver, Colorado 80202.

On **May 17, 2012**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Steve W. Haskins
Jesse T. Farris
HASKINS & ASSOCIATES, APC
4045 Bonita Road, Ste. 206
Bonita, CA 91902-1336
(619) 479-4351
*Counsel for Plaintiffs*

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **May 17, 2012**, at Denver, Colorado.

Tracie Jenkins
(Type or print name)

(Signature)