**AKERMAN SENTERFITT LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
COUNTRYWIDE BANK FSB (now known as Bank of America, N.A.), THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-17T1, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-17T1 (erroneously named as "CWALT Alternative Loan Trust 2006-17T1 Countrywide Home Loans, a.k.a. Bank of America"), and BANK OF AMERICA (erroneously sued as successor to COUNTRYWIDE HOME LOANS, INC.)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ALEXANDER JR., and VELDA P. ALEXANDER<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE BANK FSB, a federal savings bank, CWALT Alternative Loan Trust 2006-17T1 Countrywide Home Loans, a.k.a. Bank of America, a business entity form unknown, BANK OF AMERICA (as successor to COUNTRYWIDE HOME LOANS, INC.), and DOES 1 through 40, inclusive,<br><br>Defendants. | Case No. 3:12-cv-00417-BTM-MDD<br>(Assigned to Hon. Barry Ted Moskowitz)<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>[F.R.C.P. 12(b)(6)]<br><br>Date: November 2, 2012<br>Time: 11:00 a.m.<br>Ctrm: 15 – 5th Floor<br><br>SAC Filed: August 29, 2012<br>Trial Date: None |

1  Defendants Countrywide Bank FSB (now known as Bank of America, N.A.)
2  (**BANA**), The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for
3  the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-17T1, Mortgage
4  Pass-Through Certificates, Series 2006-17T1 (erroneously named herein as "CWALT
5  Alternative Loan Trust 2006-17T1 Countrywide Home Loans, a.k.a. Bank of
6  America") (**BNYM**), and Bank of America (erroneously sued as successor to
7  Countrywide Home Loans, Inc.) (collectively **defendants**) hereby submit their reply to
8  plaintiffs' opposition to defendants' motion to dismiss.

9  Dated: October 24, 2012               Respectfully submitted,

                                         **AKERMAN SENTERFITT LLP**

                                         By: /s/ *Justin D. Balser*
                                              Justin D. Balser
                                         Attorneys for Defendants
                                         COUNTRYWIDE BANK FSB (now
                                         known as BANK OF AMERICA, N.A.),
                                         The Bank of New York Mellon f/k/a The
                                         Bank of New York, as Trustee for the
                                         Certificate Holders CWALT, Inc.
                                         Alternative Loan Trust 2006-17T1,
                                         Mortgage Pass-Through Certificates,
                                         Series 2006-17T1 (erroneously named
                                         herein as "CWALT Alternative Loan
                                         Trust 2006-17T1 Countrywide Home
                                         Loans, a.k.a. Bank of America"), and
                                         BANK OF AMERICA (erroneously sued
                                         as successor to COUNTRYWIDE HOME
                                         LOANS, INC.)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Jose and Velda Alexander (**plaintiffs**) challenge the pending sale of the property at issue, despite their admitted default under the loan agreement and failure to bring the loan current. Plaintiffs, however, cannot maintain any claims against the moving defendants.

Plaintiffs' claims are clearly barred both by their failure to tender and by the statute of limitations. This Court noted in granting the motion to dismiss the first amended complaint that plaintiffs' claims were brought outside the statute of limitations. This Court was explicit in its August 13, 2012 order that plaintiffs had "one more opportunity" to amend their complaint. Despite that, plaintiffs add nothing new in the SAC demonstrating the ability to state a valid claim or demonstrating equitable tolling. Plaintiffs' claims are also deficiently vague and lacking the required specificity.

Defendants respectfully request the Court grant their motion to dismiss Plaintiffs' SAC without leave to amend.

## II. ARGUMENT

### A. The Statute of Limitations Bars the Action.

Plaintiffs' opposition argues at length that because they were promised a loan modification and not granted one, their action survives the statute of limitations bar. (Opposition to Motion to Dismiss (**OPP**), p. 3.) However, their own SAC admits that they were denied a loan modification in 2008, *over three years* before they filed their lawsuit. (SAC, ¶ 21.) This does nothing to remedy the fact that the statute of limitations has run.

Contrary to plaintiffs' belief, equitable tolling is not appropriate here. Even if it were, plaintiffs fail to plead facts supporting equitable tolling. The Court already rejected plaintiffs' argument for equitable tolling in its August 13, 2012 order, stating

that plaintiffs did not "plead any facts explaining why they could not have discovered the alleged fraud earlier" and noting "Plaintiffs could have examined the loan documents and compared them to the requirements under state and federal law at any time." (Order, p. 5.) Plaintiffs do nothing to explain why they failed to exercise any diligence, much less the reasonable diligence required by the law. No matter how much plaintiffs use bold, underlined, and italicized font, it does not change the fact that they have alleged no facts supporting equitable tolling and provide no factual support for their claim that defendants somehow concealed the information from them. Plaintiffs complain that they "were simply told to sign tens of documents" but "it is generally unreasonable…to neglect to read a written agreement before signing. *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal.4th 394, 424 (1996) (dismissing with prejudice a claims for intentional misrepresentation where plaintiffs alleged their claim was tolled because they did not discover the alleged fraudulent statements in loan documents until well after they signed the documents.).

Plaintiffs fail to establish a basis for equitable tolling because their failure to discover the alleged violations is exactly that; their failure.

B. **Plaintiffs Still Fail to Establish Wrongdoing Attributable to BANA With Regard to the First Loan.**

Plaintiffs claim they cannot tell who they should sue. (OPP, pp. 3-4.) They fail to explain how they decided to attempt to hold BANA responsible for the actions of Countrywide Home Loans, Inc. Bank of America is not the successor in interest to Countrywide Home Loans, Inc. Plaintiffs do not sue Countrywide Home Loans, Inc. They are simply mistaken and refuse to acknowledge their ignorance. It is not BANA's responsibility to prove it is not the successor in interest, rather, it is plaintiffs' burden to plead sufficient facts to establish liability. In fact, plaintiffs' opposition fails to even explain how they came to believe BANA was successor in interest. Instead, it simply discusses MERS as nominee beneficiary and BNYM as the assignee, then goes on to

say that "accordingly" plaintiffs believe BANA is the actual beneficiary. It makes no sense whatsoever.

### C. Plaintiffs Must Tender.

Plaintiffs claim they do not need to tender because they have alleged no cause of action which requires tender. Plaintiffs apparently misunderstand California's tender rule. When a plaintiff seeks relief in equity he must first do equity. *See Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984); 4 Miller & Starr, *California Real Estate* (2d ed. 1989) § 9:154 at 507-08. The "tender rule" applies not only to the plaintiff's request to set aside or challenge a foreclosure, but also to any causes of action that derive from the wrongful foreclosure allegations or seek redress from foreclosure. *Arnolds*, 158 Cal.App.3d at 578-80. Any cause of action implicitly integrated with allegations of an irregular sale thus fails unless the trustor can allege and establish a valid tender. *Id.* at 579. The relief sought, and not the title of the cause of action, invokes the tender rule. In plaintiffs' SAC they request "a declaration that the assignment of Deed of Trust was ineffective as to each and every defendant" and "[r]eturn of any money or property given by the Plaintiffs to anyone…in connection with the transaction…." These are equitable remedies, subjecting the action to the tender rule.

### D. Plaintiffs' Fraud Claim is Insufficiently Pled.

In support of their bare bones fraud claim, plaintiffs cite an 1891 case stating that fraud only has to be set out in substance and legal effect. (OPP, p. 5.) However, it is clear that they advance an outdated and inapplicable standard for pleading fraud. Moreover, the case cited does not seem to say what plaintiffs' claim it says. It appears from the opinion that the complaint in that case had very specific averments of fraud, and that even so, "[i]f the action were based upon the fraudulent representations alone, the complaint would be insufficient…." *Hick v. Thomas*, 90 Cal. 289 (1891). Plaintiffs claim the *Hicks* Court's holding was that "[f]raud allegations need only be set out in substance and legal effect, not in minute detail." (OPP, p. 5.) But what the *Hicks* Court

actually said was "[t]he acts of fraud must be specifically set out. But this rule does not require or justify a <u>minute detail of all the conversations</u> by which fraudulent representations are proven. It is enough if averred in substance and legal effect as proven." *Id.* at 295 (emphasis added). Allegations relating to the details of the conversations supporting a claim of fraud need not be set out word for word but they still must be specific. What is unclear clear is how plaintiffs' counsel thinks he may attempt to propound a false pleading standard and misrepresent the holding of the state court case he cites without courting sanctions. When asserting a cause of action for fraud, generalities and conclusions do not suffice. *Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 184 (2003). "[T]he circumstances constituting fraud or mistake shall be stated with particularity." Federal Rule of Civil Procedure 9(b). Allegations of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). Furthermore, when bringing an action for fraud against a corporation, a plaintiff must also specifically allege the names of the persons who made fraudulent statements, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *See Tarmann v. State Farm Mutual Automobile Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).

Plaintiffs' opposition claims the fraud claim is sufficiently pled because it implies that the statements were provided to them by their lender on the date of closing. Their "lender", according to the SAC, is "Countrywide". (SAC, ¶ 20.) Nowhere does the SAC specify the names of the persons making the statements or their authority to speak. It is clearly and unbelievably deficient and yet plaintiffs have refused to correct the issue.

Plaintiffs go on to apparently admit that they have not sufficiently pled fraud. (OPP, p. 6-7.) Plaintiff then opines, without authority, that "[m]any courts have addressed similar situations and recognize an exception to the particularized pleading requirement." (OPP, p. 7.) Plaintiffs seem to ask the Court to allow their deficient

pleading to slide, so that they can conduct a discovery fishing expedition. However, it is apparent from plaintiffs' allegations that all their fraud claims are based on facts that they could have discovered at any time through review of the loan documents. Plaintiffs fail to explain how the facts they need to properly plead fraud are in the peculiar control of the defendants. Nor do they plead any facts in their SAC supporting such a contention.

Notably, plaintiffs utterly fail to address the fact that their pleadings contain no allegation whatsoever that any defendant knew the alleged intentional misrepresentations were false. This is a necessary element to intentional misrepresentation.

Plaintiffs also fail to address the fact that they cannot establish reliance and damages. Any contention they would have abandoned the loan is ludicrous, as they discovered they would not receive a loan modification in 2008 and yet continued to enjoy the loan and its benefits until they defaulted and foreclosure was imminent. Then suddenly the loan is untenable and they want rescission.

### E. Plaintiffs' UCL Claim Fails

Plaintiffs' defense of their UCL claim is unavailing. They apparently concede that if their negligent misrepresentation (fraud) and intentional misrepresentation claims fail, their UCL claim fails as well. (OPP, p. 8-9.) Plaintiffs inexplicably state "[p]laintiffs have alleged that they entered a consumer credit transaction with BNYM; that BNYM negotiated the loan with Plaintiffs in which the documents provide for terms other than those represented by Defendant to Plaintiffs and BNYM engaged in self-dealign at the expense of Plaintiffs." (OPP, p. 9.) BNYM did not negotiate the loan or provide any documents. It is merely the trustee for the trust holding the securitized mortgage and note. Once again plaintiffs' arguments make no sense.

Nor do plaintiffs address a fatal flaw with their claim: they did not suffer an injury in fact. Plaintiffs also do not allege in their SAC how they have lost money or property as a result of any actions of defendants, thereby failing to satisfy section

17204. Their SAC states their damages include "all fees and payments made pursuant to this fraudulent loan" but there is no explanation regarding how these fees and payments are injuries based on the alleged UCL violations. Clearly, any loan includes payments and fees and any loan plaintiffs would have otherwise secured would have included such costs. In their opposition, plaintiffs claim they paid "unjustified fees and interest" due to the unfair practices, but this claim is nowhere to be found in their actual SAC.

F.  **Plaintiffs Are Not Entitled to an Accounting**

Plaintiffs are not entitled to an accounting. Plaintiffs have access to all of the information relating to their loan payment terms and the amounts they have paid, which eliminates the need for an accounting. Plaintiffs fail to state an actionable claim, and therefore are not entitled to an accounting as a legal remedy. Plaintiffs fail to plead that the alleged balance due to them can only be ascertained by an accounting. Further, the right to an accounting is not a cause of action, but a remedy. *See Batt v. City and County of San Francisco*, 155 Cal.App.4th 65, 82 (2007) ("[an accounting is] not an independent cause of action but merely a type of remedy") (internal quotations omitted); *Duggall v. G.E. Capital Comm. Servs., Inc.*, 81 Cal.App.4th 81, 95 (2000). Thus, "[a] right to an accounting is derivative; it must be based on other claims." *Janis v. Cal. State Lottery Com.*, 68 Cal.App.4th 824, 833-834 (1998).Plaintiffs are not entitled to an accounting because none of their underlying claims has any merit. For these reasons, Plaintiffs' accounting claim fails.

G.  **Plaintiffs Fail to Address the Court's Prior Order or the Motion to Dismiss.**

Plaintiffs' claim for equitable tolling is unchanged from their first amended complaint. Therefore, the Court must reach the same conclusion: that the claims are barred by the statute of limitations. Plaintiffs have not corrected their lack of specificity from previous versions of the complaint. They fail to allege knowledge with regard to the intentional misrepresentation claim. They also fail to address the

lack of reliance and damages with regard to all claims. More importantly, despite plaintiffs' addition of some language directly from this Court's order, plaintiffs do not address the fundamental problems with their pleadings which led to the Court's dismissal of the first amended complaint. Their sloppy pleading leads to a confusion of Countrywide Bank and Countrywide Home Loans, Inc. The Court stated that plaintiffs had not alleged facts to establish BANA's liability for the actions of Countrywide Home Loans, Inc. and they have not done so in the SAC either. (Order, p. 3.) Plaintiffs have now had three opportunities to properly plead a cause of action, and have failed to do so at every turn. The Court should dismiss with prejudice.

### III.  CONCLUSION

Plaintiffs' SAC is substantially indistinguishable from their previous complaint and FAC and fails for the same reasons. Plaintiffs' claims are barred by their inability to tender and by the applicable statutes of limitations. This SAC was plaintiffs' "one more opportunity" to state a claim and they fail to do so. They should not be given a fourth bite at the apple.

Defendants respectfully request the Court grant their motion to dismiss plaintiffs' SAC without leave to amend.

Dated:  October 24, 2012                    Respectfully submitted,

**AKERMAN SENTERFITT LLP**


By: */s/ Justin D. Balser*
      Justin D. Balser
Attorneys for Defendants
COUNTRYWIDE BANK FSB (now known as BANK OF AMERICA, N.A.) and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-17T1, Mortgage Pass-Through Certificates, Series 2006-17T1 (erroneously named herein as "CWALT Alternative Loan Trust 2006-17T1 Countrywide Home Loans, a.k.a. Bank of America")

# PROOF OF SERVICE

I am employed in the City and County of Denver, State of Colorado. I am over the age of 18 and not a party to the within action. My business address is 1400 Wewatta Street, Suite 500, Denver, Colorado 80202.

On October 24, 2012, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Steve W. Haskins
Jesse T. Farris
HASKINS & ASSOCIATES, APC
4045 Bonita Road, Ste. 206
Bonita, CA 91902-1336
(619) 479-4351
*Counsel for Plaintiffs*

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 24, 2012, at Denver, Colorado.

| Steven Kolby | *[signature]* |
|---|---|
| (Type or print name) | (Signature) |