1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JOSE A. ALEXANDER JR., an individual, and VELDA P. ALEXANDER, an individual,

Plaintiffs,

v.

COUNTRYWIDE BANK FSB, et al.,

Defendants.

Case No. 12cv417 BTM(MDD)

**ORDER GRANTING MOTION TO DISMISS**

Defendants Countrywide Bank FSB (now known as Bank of America, N.A.) ("Countrywide" or "BANA") and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders, CWALT, Inc. Alternative Loan Trust 2006-17T1, Mortgage Pass-Through Certificates, Series 2006-17T1 ("BNYM") (collectively "Defendants"), have filed a motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). For the reasons discussed below, Defendants' motion is **GRANTED**.

## I. FACTUAL BACKGROUND

In March 2006, Plaintiffs Jose and Velda Alexander obtained two loans in order to refinance their property at 2352 White Wing Drive, Jamul, CA 91935 ("Property"). (SAC ¶¶ 19-20.)

The first loan was in the amount of $646,000.  The Deed of Trust identifies the lender as Countrywide Home Loans, Inc., the trustee as ReconTrust Company, N.A., and the beneficiary as MERS "acting solely as nominee for Lender and Lender's successors and assigns." (Def. RJN Ex. 1.) In September 2011, MERS assigned its beneficial interest under the Deed of Trust to BNYM.  (Def. RJN Ex. 2.)

The second loan was in the amount of $500,000.  The Deed of Trust on the second loan identifies the lender as Countywide Bank, N.A., the trustee as ReconTrust Company N.A., and the beneficiary as MERS "acting solely as nominee for Countrywide Bank, N.A." (Def. RJN Ex. 3.)

On October 3, 2011, ReconTrust recorded a notice of default under the Deed of Trust on the first loan.  (Def. RJN Ex. 4.)  On January 6, 2012, ReconTrust recorded a Notice of Trustee's Sale.  (Def. RJN Ex. 5.)

Plaintiffs commenced this action on January 12, 2012, in the Superior Court of the County of San Diego.  On February 16, 2012, Defendants removed the action to federal court.

On March 21, 2012, Plaintiffs filed a First Amended Complaint ("FAC").  In an order filed on August 13, 2012, the Court granted Defendants' motion to dismiss the FAC for failure to state a claim and also granted Defendants' motion to expunge lis pendens.  The Court gave Plaintiffs "one more opportunity to amend their complaint."

On August 29, 2012, Plaintiffs filed their Second Amended Complaint ("SAC").  The SAC asserts the following claims: (1) intentional misrepresentation; (2) declaratory relief; (3) California Unfair Business Practices; (4) fraud; and (5) accounting.

## II.  STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's

complaint are taken as true and construed in the light most favorable to the plaintiff.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted).  Only a complaint that states a plausible claim for relief will survive a motion to dismiss.  Id.

### III. DISCUSSION

Defendants move to dismiss the SAC for failure to state a claim.  As discussed below, the Court agrees that dismissal of the SAC is warranted.

1. First Loan

To the extent Plaintiffs' claims against Countrywide (now known as BANA) are based on the first loan, Plaintiffs' claims fail because Countrywide was not the lender.  According to the Deed of Trust on the first loan, the lender was Countrywide Home Loans, Inc., not Countrywide Bank FSB (Def. RJN Ex. 1.).  Plaintiffs have not named Countrywide Home Loans, Inc., as a defendant and have not alleged facts establishing BANA's liability for the actions of Countrywide Home Loans, Inc.  In the SAC, Plaintiffs state: "COUNTRYWIDE HOME LOANS, INC. suggests that Bank of America Corporation is successor to COUNTRYWIDE HOME LOANS INC." (SAC ¶ 15.) It is unclear what this statement means – i.e., what someone at Countrywide Home Loans, Inc. said or implied that leads Plaintiffs to believe that Bank of America Corporation is a successor in interest to Countrywide Home Loans Inc.  Furthermore, it appears that Bank of America Corporation and Bank of America

3

N.A. are separate entities.[1]  Plaintiffs have not alleged sufficient facts establishing that Countrywide/BANA is a successor in interest to the first loan.

### 2.  Fraud and Intentional Misrepresentation Claims

In their first cause of action for intentional misrepresentation and fourth cause of action for fraud, Plaintiffs allege that Defendant Countrywide concealed material facts with respect to the following:  (1) the Final Truth In Lending Statement understates the finance charges by the amount of $1,632.00; (2) Countrywide failed to properly assess Plaintiff's ability to repay the loan, and it was reasonably foreseeable that Plaintiffs would default; (3) there were undisclosed and manipulated finance charges; (4) there were defects in the Notice of Right to Cancel; and (5) Countrywide did not provide certain disclosures required by state and/or federal law.  (SAC ¶¶ 26, 28.)  Plaintiffs also allege that they were "coaxed" into the high interest loan when "Countrywide/Bank of America's agent" told Plaintiffs that this particular loan was necessary in order to avoid pre-payment penalties and promised a re-finance of the loan after 6 months.  (SAC ¶ 21.)  Upon applying for the refinance in or about 2008, the refinance was denied.  (Id.)

Other than the new allegations regarding the false promise to refinance, the allegations underlying Plaintiffs' fraud claims are the same as those made in Plaintiffs' FAC.  As discussed in the Court's prior order, Plaintiffs' claims are barred by the applicable three-year statute of limitations.  Cal. Code Civ. P. § 338(d).  The loans at issue closed on or about March 2006.  This action was not commenced until January 2012.

Plaintiffs argue that the statute of limitations should be equitably tolled because they did not discover that their loans had defects until much later.  (SAC ¶ 24.)  The Court is not persuaded by this argument.  A plaintiff asserting equitable tolling with respect to a fraud claim must "specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Fox v. Ethicon Endo-

---

[1]   An organizational chart available at http://investor.bankofamerica.com/ phoenix.zhtml?c=71595&p=debtother#fbid=D8b4s7mLE8X indicates that Bank of America Corporation is a parent corporation of Bank of America, National Association.

Surgery, Inc., 35 Cal. 4th 797, 808 (2005).  With respect to the alleged loan defects and lack of disclosures, Plaintiffs do not plead any facts explaining why they could not have discovered them earlier.  Plaintiffs could have examined the loan documents and compared them to the requirements under state and federal law at any time.  As for the promised refinancing, Plaintiffs claim they applied for and were denied refinancing in 2008. Accordingly, even if the limitations period was tolled until the denial of the application, the three year period expired before January 2012.

Plaintiffs' fraud and intentional misrepresentation claims are barred by the statute of limitations.  Therefore, Defendants' motion to dismiss is granted as to these claims.

### 3. Declaratory Relief

Plaintiffs' declaratory relief claim seeks a judicial determination that Defendants violated the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq., as well as California law, by failing to provide disclosures and providing false and misleading information regarding the loan and finance charges.  Plaintiffs contend that the violations of law entitle them to damages.  (SAC ¶¶ 38, 39.)

As set forth in the Court's prior order, Plaintiffs' TILA claims for damages are barred by the one-year statute of limitations, which commenced when the loans closed.  15 U.S.C. § 1640(e).  Once more, Plaintiffs have failed to allege facts showing that Defendants prevented them from discovering their claim.  Plaintiffs do not explain why they could not have examined the loan documentation and disclosures and compared them to TILA's requirements within the one year period.

For the reasons discussed in the Court's prior order, Plaintiffs' rescission claim under TILA is also time-barred.  See 15 U.S.C. § 1635(f) (providing that when a creditor fails to provide notice of the borrower's right of rescission or fails to make a material disclosure, the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . .") The three-year period for rescission is not subject to equitable tolling and expired in 2009.  Kimball v. Flagstar Bank

1  F.S.B., __ F.Supp.2d __, 2012 WL 3030102, at *8 (S.D. Cal. July 25, 2012).

2       Plaintiffs' declaratory relief claim does not specify which California law Defendants

3  allegedly violated.  However, in Paragraph 26.g. of the SAC, Plaintiffs allege that "a California

4  Insurance Disclosure as mandated by California Civil Code Section 2955.5(a) was not

5  provided to Plaintiffs prior to the consummation of this loan."  Section 2955.5(a) provides:

6  "No lender shall require a borrower, as a condition of receiving or maintaining a loan secured

7  by real property, to provide hazard insurance coverage against risks to the improvements on

8  that real property in an amount exceeding the replacement value of the improvements on the

9  property."  Subsection (c) provides, "Any person harmed by a violation of this section shall

10  be entitled to obtain injunctive relief and may recover damages and reasonable attorney's

11  fees and costs."  Plaintiffs have not alleged any facts showing that they were harmed by any

12  violation of this section – i.e., that they provided hazard insurance against risks to

13  improvement on the Property in an amount exceeding the replacement value of the

14  improvements.  Therefore, Plaintiffs have not shown that they are entitled to damages under

15  this statute.

16       Plaintiffs have failed to state a claim for declaratory relief.  Accordingly, the Court

17  dismisses this claim as well.

18

19       4.  Cal. Bus. & Prof. Code § 17200

20       Plaintiffs' § 17200 claim is based on the same factual allegations as Plaintiffs' fraud

21  claims.  Even applying the four-year statute of limitations generally applicable to § 17200

22  claims (Cal. Bus. & Prof. Code § 17208), Plaintiffs' claims based on defects in the loan and

23  lack of disclosures are untimely.  As previously discussed, the loans closed in March 2006,

24  more than four years prior to the filing of this action, and Plaintiffs have not alleged any facts

25  establishing that equitable tolling is warranted.

26       Plaintiffs' claim that Defendant misrepresented that they would be able to refinance

27  their loan arguably could be timely because Plaintiffs did not discover until sometime in 2008

28  that they could not in fact refinance the loan.  However, Plaintiffs have failed to allege the

facts supporting this claim with the specificity required by Fed.R.Civ.P. 9(b).  Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged.  <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997).  Plaintiffs do not allege who made the representations regarding Plaintiffs' ability to refinance, whether the representations were made in writing or orally, what exactly was said, or when the statements were made.  Therefore, Plaintiffs' claim based on these misrepresentations is dismissed for failure to state a claim.

> 5.  <u>Accounting</u>

Plaintiffs' fifth cause of action for accounting asserts that an accounting is necessary to determine "[t]he amount of money due, if any, from Defendants to Plaintiffs in order to compensate the Plaintiffs for all fees and payments made pursuant to this fraudulent loan." (SAC ¶ 58.)  As discussed above, Plaintiffs have not stated a claim for fraud.  Therefore, Plaintiffs' accounting claim fails as well.

## IV.  **CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Defendants' motion to dismiss. Plaintiffs' SAC is **DISMISSED** for failure to state a claim.  The Court grants Plaintiffs one final chance to file an amended complaint.  If Plaintiffs choose to do so, the Third Amended Complaint must be filed by January 14, 2013.

**IT IS SO ORDERED.**

DATED:  December 17, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

12cv417 BTM(MDD)