# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ALEXANDER JR., an individual, and VELDA P. ALEXANDER, an individual,<br><br>Plaintiffs,<br>v.<br>BANK OF AMERICA N.A.; COUNTRYWIDE HOME LOANS, INC., et al.,<br>Defendants. | Case No. 12cv417 BTM(MDD)<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT** |

Defendants Countrywide Bank FSB (now known as Bank of America, N.A.) ("Countrywide" or "BANA") and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders, CWALT, Inc. Alternative Loan Trust 2006-17T1, Mortgage Pass-Through Certificates, Series 2006-17T1 ("BNYM") (collectively "Defendants"), have filed a motion to dismiss Plaintiffs' Third Amended Complaint ("TAC"). For the reasons discussed below, Defendants' motion is **GRANTED**.

## I. FACTUAL BACKGROUND

In March 2006, Plaintiffs Jose and Velda Alexander obtained two loans in order to refinance their property at 2352 White Wing Drive, Jamul, CA 91935 ("Property"). (TAC ¶¶

12, 21, 22.)

The first loan was in the amount of $646,000. The Deed of Trust identifies the lender as Countrywide Home Loans, Inc., the trustee as ReconTrust Company, N.A., and the beneficiary as MERS "acting solely as nominee for Lender and Lender's successors and assigns." (Def. RJN Ex. 1.) In September 2011, MERS assigned its beneficial interest under the Deed of Trust to BNYM. (Def. RJN Ex. 2.)

The second loan was in the amount of $500,000. The Deed of Trust on the second loan identifies the lender as Countrywide Bank, N.A., the trustee as ReconTrust Company N.A., and the beneficiary as MERS "acting solely as nominee for Countrywide Bank, N.A." (Def. RJN Ex. 3.)

On October 3, 2011, ReconTrust recorded a notice of default under the Deed of Trust on the first loan. (Def. RJN Ex. 4.) On January 6, 2012, ReconTrust recorded a Notice of Trustee's Sale. (Def. RJN Ex. 5.)

Plaintiffs commenced this action on January 12, 2012, in the Superior Court of the County of San Diego. On February 16, 2012, Defendants removed the action to federal court.

On March 21, 2012, Plaintiffs filed a First Amended Complaint ("FAC"). In an order filed on August 13, 2012, the Court granted Defendants' motion to dismiss the FAC for failure to state a claim and also granted Defendants' motion to expunge lis pendens. The Court gave Plaintiffs "one more opportunity to amend their complaint."

On August 29, 2012, Plaintiffs filed their Second Amended Complaint ("SAC"). In an order filed on December 17, 2012, the Court granted Defendants' motion to dismiss the SAC for failure to state a claim. The Court granted Plaintiffs "one final chance to file an amended complaint."

On December 28, 2012, Plaintiffs filed their Third Amended Complaint. The Third Amended Complaint adds defendants MERS and Countrywide Home Loans, Inc., and asserts claims for (1) intentional misrepresentation; (2) declaratory relief; (3) violations of Cal. Bus. & Prof. Code § 17200; (4) fraud; and (5) accounting.

## II.  STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

## III.  DISCUSSION

Defendants move to dismiss the TAC on the ground that Plaintiffs have not remedied the defects that existed in the original complaint and the First Amended Complaint. The Court agrees.

1. Fraud and Intentional Misrepresentation Claims

Plaintiffs' first and fourth causes of action are for intentional misrepresentation and fraud, respectively. The allegations supporting these claims are substantially the same as those in the SAC.

In summary, Plaintiffs allege that Defendant Countrywide[1] concealed material facts with respect to the following: (1) the Final Truth In Lending Statement understates the finance charges by the amount of $1,632.00; (2) Countrywide failed to properly assess Plaintiff's ability to repay the loan, and it was reasonably foreseeable that Plaintiffs would default; (3) there were undisclosed and manipulated finance charges; (4) there were defects in the Notice of Right to Cancel; and (5) Countrywide did not provide certain disclosures required by state and/or federal law. (TAC ¶¶ 23,30.)

Plaintiffs also allege that they were "coaxed" into the high interest loan when "Countrywide/Bank of America's agent" told Plaintiffs that this particular loan was necessary in order to avoid pre-payment penalties and promised a re-finance of the loan after 6 months. (TAC ¶ 31.) Upon applying for the refinance in or about 2008, the refinance was denied. (Id.)

As discussed in the Court's prior orders, Plaintiffs' claims are barred by the applicable three-year statute of limitations. Cal. Code Civ. P. § 338(d). The loans at issue closed on or about March 2006. This action was not commenced until January 2012.

The Court's prior orders explained that Plaintiffs had not shown that they were entitled to equitable tolling of the statute of limitations because they had not explained why they could not have discovered the defects in the loans and the alleged misrepresentations earlier. The Court pointed out that Plaintiffs could have examined the loan documents and compared them to the requirements under state and federal law at any time. With respect to the promised refinancing, Plaintiffs claim that they applied for and were denied refinancing in 2008, at which point they would have known that a misrepresentation had taken place.

Plaintiffs' TAC does not remedy the shortcomings of the prior complaints. Plaintiffs allege that "due to the fact that the Plaintiffs are not real estate or mortgage experts," they

---

[1] The TAC defines "Countrywide" as "Countrywide Home Loans, Inc.," and erroneously states that Countrywide Home Loans, Inc., was the lender on the second as well as the first loan. As set forth in the Court's prior orders, based on the recorded documents, the lender on the second loan was Countrywide Bank, N.A., not Countrywide Home Loans, Inc. The TAC treats Countrywide Bank, N.A., and Countrywide Home Loans, Inc., as one and the same.

were unable to learn of the defects until they retained an expert to conduct a forensic accounting of the loans. (TAC ¶ 32.) Plaintiffs claim that they hired the expert after they became concerned when their application for refinancing was denied. (Id.) These allegations are insufficient to establish that tolling is warranted.

With respect to Plaintiffs' inability to pay the loan, it should have become apparent to Plaintiffs early on that the obligation they took on was disproportionate to their income. As for the exact amount of the finance charges and the content of the disclosures, if they were as important to Plaintiffs as Plaintiffs claim (Plaintiffs claim they would not have completed the loans if they were aware of the real amount financed and the defects in the disclosures), they could have hired an expert to review the loan documents at the time of the loan closings or carefully examined the documents themselves. Plaintiffs do not offer any explanation why they could not have pursued their claim regarding the alleged false promise to refinance within three years of the denial of the application to refinance.

Furthermore, Plaintiffs still fail to allege fraud with specificity with respect to the alleged misrepresentations regarding the ability to refinance and the necessity of the loan to avoid pre-payment penalties. Plaintiffs do not specify who at Countrywide Home Loans, Inc., and/or Countrywide Bank, N.A., made the representations or how the representations were made (in person, by telephone, or in writing). It is unclear whether one person or several people made the representations. Plaintiffs also fail to allege exactly what was said in connection with the promise to re-finance.

For these reasons, Defendants' motion to dismiss is granted as to Plaintiffs' fraud and intentional misrepresentation claim.

2. Remaining Causes of Action

The allegations underlying Plaintiffs' second cause of action for declaratory relief are identical to those in the SAC. As discussed in the Court's prior order, Plaintiffs' TILA claims for damages and rescission are time-barred. In addition, Plaintiffs have not alleged facts establishing that they were harmed by any violation of Cal. Civ. Code § 2955.5(a) or any

other California statute. Therefore, Plaintiffs' declaratory relief claim fails to state a claim.

Plaintiffs' third cause of action for violation of Cal. Bus. & Prof. Code § 17200 is premised on the same allegations as the fraud and intentional misrepresentation claims. Even under the four-year statute of limitations set forth in Cal. Bus. & Prof. Code § 17208, Plaintiffs' claims regarding the alleged defects in the loan documents are untimely. Plaintiffs' claims based on the representations regarding necessity of the loan and ability to refinance have not been pled with specificity and cannot support a § 17200 claim.

Plaintiffs' fifth cause of action for accounting fails because it is based on the fraud claims.

### IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' motion to dismiss. Plaintiffs' TAC is **DISMISSED** for failure to state a claim. The Court also dismisses the TAC as against the non-moving defendants[2] on the same grounds. The Clerk shall enter judgment dismissing Plaintiffs' TAC.

**IT IS SO ORDERED.**

DATED: April 15, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[2] The TAC names additional defendants Mortgage Electronic Registration System as well as Countrywide Home Loans, Inc. Plaintiffs have not filed proofs of service of the summons and TAC on these defendants.